United States District Court
Southern District of Texas
**ENTERED**
May 25, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-22-721 |
| | § | |
| BUNDRA MCGAFFIE, | § | |
| | § | |
| Defendants. | § | |

**ORDER ENTERING DEFAULT AND FINAL DEFAULT JUDGMENT**

MidFirst Bank owns a note issued to Vanessa D. McGaffie-Fox, which she used to purchase a property located at 273 Owens Street, Houston, Texas. MidFirst is also the mortgagee of the associated Deed of Trust. Bundra McGaffie is McGaffie-Fox's alleged heir and son, but he has not made payments on the note since his mother died in August 2020. After default and failure to pay the note, MidFirst sued McGaffie seeking a declaratory judgment that it has a statutory lien on the property and an order that it may perform a non-judicial foreclosure. (Docket Entry No. 1).

McGaffie has been served with summons and a copy of the complaint. (Docket Entry No. 7). He has not timely filed a responsive pleading or otherwise defended the suit. MidFirst has concurrently moved for entry of default and for default judgment. (Docket Entry Nos. 8, 9). The procedural requirements for default under Fed. R. Civ. P. 55(a) are met. The request for entry of default, (Docket Entry No. 8), is granted.

MidFirst also argues that the court can enter default judgment under Fed. R. Civ. P. 55(b), because McGaffie has not answered or defended the claims against him, the facts alleged in MidFirst's complaint are treated as admitted, and MidFirst is entitled, on the facts alleged, to (1) a declaratory judgment that it is the owner and holder of the note, beneficiary of the Deed and

mortgagee, as defined under Texas Property Code section 51.0001 and (2) a judgment allowing foreclosure of McGaffie's interest of the property. MidFirst also seeks attorney's fees and court costs.

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98.

Under the Texas Estates Code, when a person dies intestate, their estate and debts "vest[] immediately in the person's heirs at law." TEXAS EST. CODE §§ 101.001(b), 101.051(b)(1); *see also Ocwen Loan Servicing, LLC v. Deane*, No. 4:15-cv-00682-O-BP, 2017 WL 6816499, at *3 (N.D. Tex. Dec. 1, 2017). "The remedy of one holding an unpaid claim against the estate is to enforce a statutory lien against the property in the hands of the heirs, devisees, or legatees who receive estate property." *Id.* (citing *Potts v. W.Q. Richards Mem'l Hosp.*, 558 S.W.2d 939, 943 (Tex. Civ. App.—Amarillo 1977, no writ)).

Under Texas law, as recently summarized in *Bokf, N.A. v. Logan*, No. 3:19-CV-2910-B, 2020 WL 1470803 (N.D. Tex. Mar. 26, 2020),

> a mortgagee is permitted to seek foreclosure of a lien against real property when a borrower is in default on its obligations under a security instrument. *See Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013). A security instrument is a "deed of trust, mortgage, or other contract lien on an interest in real property." TEX. PROP. CODE § 51.0001(6). A mortgagee includes the "grantee, beneficiary, owner, or holder of a security instrument ... or if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4). A mortgagee seeking to foreclose on a security

> instrument must provide written notice by certified mail to the debtor stating that the debtor is in default under the security instrument and allow the debtor at least twenty days to cure the default prior to initiating foreclosure proceedings. *Id.* § 51.002(d).
>
> To foreclose through a power of sale, a lender must show that: "(1) a debt exists; (2) the debt is secured by a lien created under art. XVI, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration." *Wells Fargo Bank, N.A. v. Taylor*, 2017 WL 6816591, at *4 (N.D. Tex. Dec. 5, 2017) (citing, inter alia, TEX. PROP. CODE. § 51.002).

*Id.* at *4. MidFirst is the current owner and holder of the note, and the mortgagee of the associated security instrument, the Deed. (Docket Entry No. 1 at ¶¶ 16–17; *see also* Docket Entry No. 1-1). When McGaffie-Fox passed away, her son, McGaffie, became her heir. (Docket Entry No. 1 at ¶ 4). No payments have been made on the note since August 2020. MidFirst sent notice of default in March 2021, and notice of acceleration in January 2022. (*Id.* at ¶¶ 21–22).

MidFirst has alleged facts that it is entitled to a declaration based on its pleadings that it has a statutory probate lien on the property under the note terms, and that it may non-judicially foreclose on the property. MidFirst's motion for default judgment, (Docket Entry No. 9), is granted. The court declares that:

1. An event of default has occurred on a note executed on or about August 11, 2008, by decedent Vanessa D. McGaffie-Fox in the principal amount of $82,215.00, originally payable to Countrywide Bank, FSB.

2. The Deed of Trust dated August 11, 2008, executed by McGaffie-Fox, and recorded as Instrument No. 20080432010 in the real property records of Harris County, Texas, provides MidFirst Bank as the current owner of the note and mortgagee of the security instrument, in the event of a default on the obligations on the note, with a first lien security interest on certain real property commonly known as 273 Owens

3

Street, Houston, Texas 77029-4536, and more particularly described as follows: LOT NINETEEN (19), IN BLOCK TWENTY (20), CLINTON PARK, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 18, PAGE 28, MAP RECORDS, HARRIS COUNTY, TEXAS.

3. MidFirst is the current holder and owner of the note and beneficiary of the security instrument. MidFirst is also a mortgagee as that term is defined in § 51.0001(4) of the Texas Property Code.

4. The following are secured by the security instrument on the property: the outstanding balance of the note; prejudgment interest at the note interest rate of 6.375%; post-judgment interest at the note interest rate of 6.375%; and costs of court.

5. MidFirst or its successors or assigns, may proceed with foreclosure on the property as provided in the security instrument and § 51.002 of the Texas Property Code.

6. All foreclosure notices may be mailed to Bundra McGaffie, at 273 Owens Street, Houston, Texas 77029-4536.

7. All costs are to be taxed against McGaffie, not as a personal judgment but as a further obligation on the debt.

8. This is a final judgment.

SIGNED on May 25, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge